```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - X

PATTI MANOS,                                :
                                                   02 Civ. 9760 (WCC)
                Plaintiff,                  :

       - against -                          :      OPINION
                                                   AND ORDER
M.V. "BUD" GEISSLER, BRG AUTOMOTIVE         :
ENTERPRISES, LLC d/b/a MIDAS AUTO
SERVICE EXPERTS and MIDAS INTERNATIONAL     :
CORPORATION,
                                            :
                Defendants.
                                            :
- - - - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

CERTILMAN BALIN ADLER & HYMAN, LLP
**Attorneys for Plaintiff**
90 Merrick Avenue
East Meadow, NY 11554

ROBERT CONNOLLY, ESQ.
    Of Counsel

LAW OFFICES OF MONTE J. ROSENSTEIN
**Attorneys for Defendants**
250 Crystal Run Road
P.O. Box 2215
Middletown, New York 10940

MONTE J. ROSENSTEIN, ESQ.
    Of Counsel

*Copies Mailed to Counsel of Record*

**CONNER, Senior D.J.:**

Plaintiff Patti Manos commenced the present action against defendants Maurice Geissler, BRG Automotive Enterprises, LLC d/b/a Midas Auto Service Experts ("BRG") and Midas International Corp. ("Midas"), (collectively, the "defendants"), alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW §§ 290 *et seq.* Plaintiff also asserts claims against Geissler and BRG for breach of a settlement agreement entered into between the parties. In an Opinion and Order dated June 14, 2004 (the "6/14/04 Order"), we denied defendants' motion to compel arbitration and stay this action as well as defendants' motion to dismiss the Complaint against BRG. *See Manos v. Geissler*, 321 F. Supp. 2d 588 (S.D.N.Y. 2004) (Conner, J.). We did, however, dismiss without prejudice plaintiff's claims against Geissler and Midas. *Id.*

Plaintiff, with the permission of the Court, filed an Amended Complaint dated February 28, 2005 and again named Midas and Geissler as defendants. Plaintiff's Amended Complaint asserts additional claims under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601, as well as additional NYSHRL claims for sexual discrimination, disability discrimination and retaliation. Defendants Geissler and Midas now move, pursuant to FED. R. CIV. P. 12(b), to dismiss the claims asserted against them in the Amended Complaint. For the reasons stated herein, the motion to dismiss is granted.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed. BRG owns and operates several Midas repair shops located in Orange and Rockland counties. (Am. Complt. ¶¶ 28, 29.) In May

2000, BRG hired plaintiff as a shop manager. (*Id*. ¶ 27.)  Sometime thereafter, plaintiff informed Geissler and BRG that she was pregnant. (*Id*. ¶ 31.)  She was fired within a few days after her announcement. (*Id*. ¶ 32.)  On March 26, 2001, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") (the "2001 EEOC complaint") alleging that BRG discriminated against her on the basis of gender in violation of Title VII. (*Id*. ¶ 33.)  On May 7, 2001, plaintiff and BRG, through Geissler, executed a settlement agreement (the "Settlement Agreement") wherein BRG agreed to rehire plaintiff as a manager and pay her attorney's fees. (*Id*. ¶¶ 34, 35.)  BRG also agreed not to terminate plaintiff without "just cause" as defined by the Settlement Agreement and not to discriminate against plaintiff or retaliate against her for the filing of her 2001 EEOC complaint. (*Id*.)  In exchange, plaintiff released the claims raised in that complaint.  Plaintiff returned to work at BRG in June 2001. *See Manos*, 321 F. Supp. 2d at 590.  On July 29, 2002, plaintiff filed a complaint with the EEOC (the "2002 EEOC complaint") alleging that BRG continued to discriminate against her in violation of Title VII subsequent to the execution of the Settlement Agreement. *Id*.  She contended that BRG's discriminatory conduct after June 2001 caused her to suffer severe anxiety and depression which forced her to stop reporting to work in August 2002. *Id.* at 591.  On September 11, 2002, the EEOC issued plaintiff a right-to-sue letter in connection with her 2002 EEOC complaint (the "September 2002 right-to-sue letter"). *Id*.  On October 29, 2002, Geissler contacted plaintiff by letter and informed her that BRG was treating her continuing absence as a resignation. *Id.*

On December 9, 2002, plaintiff filed this suit alleging claims under Title VII and the NYSHRL against Geissler, BRG and Midas.  In our 6/14/04 Order, we granted defendants' motion to dismiss the Complaint against defendants Geissler and Midas on the basis that neither was named

in the prior EEOC complaints, nor in the EEOC's right-to-sue letter, and neither was a party to the prior Settlement Agreement. *See id.* at 597-98.

With the Court's permission, plaintiff filed an Amended Complaint wherein she asserted new claims against Geissler and Midas under the FMLA and the NYSHRL for sexual discrimination, disability discrimination and retaliation. Additionally, the Amended Complaint alleged in greater detail the relationship between Midas and BRG asserting that "Midas had and did exercise the right to control, supervise, direct, advise and instruct BRG in the daily operations of BRG and in particular, with respect to employee relations, training and management." (Connolly Decl. ¶ 5.) In the present motion, defendants move to dismiss the claims brought against Geissler and Midas in the Amended Complaint.

## DISCUSSION

**I.** **Motion to Dismiss**

**A.** **Motion to Dismiss Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993). On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*,

82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)). In assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference. *See* FED. R. CIV. P. 10(c); *see also Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir. 1999) (citations omitted); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996).

Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff describes, are insufficient as a matter of law. *See Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

### B. Motion to Dismiss Claims Against Defendant Geissler

We begin by addressing plaintiff's allegations against Geissler individually. BRG is a corporation, organized and existing under the laws of the State of New York. (Am. Complt. ¶ 8.) Plaintiff's allegations assert claims against her "employer." Plaintiff's employer was BRG, not Geissler. Although plaintiff includes Geissler in most of her allegations, she provides no basis for her assertion that Geissler, rather than BRG, was her employer. In addition, plaintiff has neither alleged in her Complaint, nor offered any evidence tending to show, that BRG is the alter ego of Geissler or that we should otherwise disregard the corporate form and pierce the corporate veil.

"Under New York law, the corporate veil will be pierced when the corporate form 'has been

4

used to achieve fraud, or when the corporation has been so dominated by an individual . . . and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego.'" *Heitz v. Salant Corp.*, No. 95 Civ. 3866, 1997 WL 13241, at *4 (S.D.N.Y. Jan. 15, 1997) (quoting *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2d Cir. 1989) (quotations omitted)); *see also William Passalacqua Build. v. Resnick Dev.*, 933 F.2d 131, 138 (2d Cir. 1991) (noting that "[t]he critical question is whether the corporation is a 'shell' being used by the individual shareowners to advance their own 'purely personal rather than corporate ends'"); *Barbezat v. Arnell Group, Ltd.*, No. 96 Civ. 9790, 1997 WL 473484, at *1 (S.D.N.Y. Aug. 19, 1997) ("To establish alter ego liability it is necessary to show that the individual defendant exercised such complete dominion and control that the corporation lacked independent will and that this control was used to 'commit fraud or wrong' against the plaintiff[]."). Plaintiff's bare, conclusory allegations concerning Geissler are insufficient to pierce the corporate veil. She has provided no allegations that establish that Geissler is the "alter ego" of BRG, nor has she presented any evidence that Geissler used his control over the company to commit a fraud or any other wrongful act. *See William Wrigley Jr.*, 890 F.2d at 601 n.2 (finding personal responsibility and control over business insufficient to justify piercing the corporate veil). Accordingly, all claims against Geissler must be dismissed.

**C. Motion to Dismiss Claims Against Defendant Midas**

Defendants contend that the Amended Complaint sets forth no new factual averments which would lead this Court to reverse its earlier position that plaintiff may not maintain an action against Midas. (Defs. Mem. Supp. Mot. Dismiss at 4.) Defendants maintain that plaintiff failed to name

5

Midas in the EEOC complaints and never obtained right-to-sue letters against anyone other than BRG; therefore, plaintiff is precluded from maintaining an action against Midas. (*Id.* at 3.) In addition, defendants contend that the Franchise Offering Circular published by Midas "indicating that it will train a franchisee and assist the franchisee in its operation" does not create any liability against Midas for failing to properly train its franchisee or for the franchisee's allegedly wrongful conduct because there is "nothing in the [Franchise] Offering Circular that indicates that Midas International controls BRG's employee relationships on a day-to-day basis, or had the right to do so." (*Id.*)

In opposition to defendants' motion to dismiss, plaintiff asserts that she has adequately pled claims under the FMLA and NYSHRL. (Pl. Mem. Opp. Mot. Dismiss at 3-5.) However, defendants do not argue that plaintiff has not adequately brought claims under the FMLA and NYSHRL; rather, defendants contend that these claims may not be asserted against Geissler or Midas. Since we have already dismissed all claims against Geissler, we need only decide whether these claims may properly be brought against Midas. Additionally, plaintiff maintains that her Title VII claim against Midas should not be dismissed because the "identity of interest" exception is applicable.

### 1. Title VII Claim Against Defendant Midas

Although in the 6/14/04 Order we dismissed plaintiff's Title VII claims against Midas, we did so without prejudice. Consequently, in the Amended Complaint, plaintiff again alleges violations of Title VII against Midas. Generally, a plaintiff's Title VII claims against a defendant who is not named as a respondent in an EEOC charge or the right-to-sue letter in connection with

the complaint will be dismissed from a Title VII action. *See, e.g., Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) ("A prerequisite to commencing a Title VII action against a defendant is the filing with the EEOC or authorized state agency of a complaint naming the defendant.") (citing 42 U.S.C. § 2000e-5). In the 6/14/04 Order, we dismissed plaintiff's Title VII claims against Midas and Geissler because neither plaintiff's 2002 EEOC complaint nor the September 2002 right-to-sue letter issued in connection with that complaint named Geissler or Midas as respondents. *See Manos*, 321 F. Supp. 2d at 596-97.

Nonetheless, the "identity of interest" exception, which plaintiff asserts in opposition to defendants' motion to dismiss, permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge. *See Johnson*, 931 F.2d at 209. In determining whether the "identity of interest" exception is applicable, "thereby excusing a Title VII plaintiff's failure to name a defendant in the EEOC complaint," a court must consider the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 209-10 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

Applying the above factors to the case at hand, we conclude that the Title VII claim against Midas should be dismissed. The first factor weighs in favor of dismissal because at the time of the

filing of the EEOC complaints, Midas's role in the allegedly discriminatory acts, if it was in fact involved, could be ascertained. Plaintiff knew that BRG was a franchisee of Midas. The second factor also weighs in favor of dismissal. Midas's interests were not represented before the EEOC and there are no allegations that Midas was even aware that an EEOC charge was filed. The third factor weighs in favor of dismissal as well. Midas's absence from the EEOC proceedings results in actual prejudice to Midas's interests because Midas could have been involved in conciliating the matter. The EEOC tried to resolve this matter as evidenced by the Settlement Agreement; however, Midas had no involvement in the settlement, and the alleged discrimination continued. In addition, as mentioned above, there have been no allegations that Midas had actual notice that a charge had been filed with the EEOC. *See Agugliaro v. Brooks Brothers, Inc.*, 802 F. Supp. 956, 960 (S.D.N.Y. 1992) (noting that "the crucial question . . . is whether [the unnamed party] had actual notice that a charge had been filed . . . with the EEOC"). Lastly, the fourth factor weighs in favor of dismissal of plaintiff's Title VII claim against Midas because in no way did Midas represent to plaintiff that its relationship with plaintiff was to be through BRG, nor does plaintiff allege that Midas did so. In fact, it does not appear that Midas had any relationship with plaintiff, or even any knowledge of plaintiff's relationship with BRG. Accordingly, the "identity of interest" exception does not apply to Midas and plaintiff's Title VII claim against Midas must be dismissed.

### 2.  FMLA and NYSHRL Claims Against Defendant Midas

We begin by noting that there is no administrative prerequisite to filing an FMLA claim; the FMLA does not require an exhaustion of administrative remedies prior to initiation of a lawsuit under its provisions. *See* 29 U.S.C. § 2617(a)(2); *see also Breedlove v. Cabou*, 296 F. Supp. 2d 253,

275-76 (N.D.N.Y. 2003). Therefore, plaintiff's failure to include Midas in her prior EEOC complaints does not preclude plaintiff from instituting the present action against Midas pursuant to the FMLA.

Similarly, there are no administrative prerequisites to filing a claim under the NYSHRL. *See* N.Y. EXEC. LAW 297(9); *see also Crespo v. New York City Transit Auth.*, No. 01 Civ. 0671, 2002 WL 398805, at *10 (E.D.N.Y. Jan. 7, 2002) (citing *Branker v. Pfizer, Inc.*, 981 F. Supp. 862, 865 (S.D.N.Y. 1997) ("Branker's claim under the NYSHRL is not administratively barred, because that statute contains no requirement of exhaustion of administrative remedies.")). "Unlike Title VII, the NYSHRL . . . do[es] not require exhaustion of administrative remedies" prior to commencing a claim under the NYSHRL. *Hernandez v. New York City Law Dep't Corp. Counsel*, No. 94 Civ. 9042, 1997 WL 27047, at *10 (S.D.N.Y. Jan. 23, 1997); *see also Lumhoo v. Home Depot USA, Inc.*, 229 F. Supp. 2d 121, 136 n.13 (E.D.N.Y. 2002). Consequently, because plaintiff was not required to file a complaint with the State Division of Human Rights or any other administrative agency prior to commencing a lawsuit alleging violations of the NYSHRL, plaintiff is not precluded from bringing NYSHRL claims against Midas.

Plaintiff maintains that Midas should be held liable for the improper, unlawful acts of BRG because "[a]s the corporate parent and/or franchisor and/or alter-ego, Midas set the standards, rules, regulations and policies with respect to the management of BRG and its employees, and Midas played a significant role in supervising and advising BRG in the daily operation and management of its business." (Pl. Mem. Opp. Mot. Dismiss at 5.) Specifically, plaintiff alleges the existence of an agreement between BRG and Midas whereby Midas has "the right to visit, observe, inspect and to generally address how BRG is operating the franchise" and further alleges that Midas "gave BRG

9

instruction in areas of shop management, employee relations and directed that Midas' classroom training be conducted in the areas of problem solving, human resources and ethics." (*Id.*) However, as defendants contend, "[t]here is simply nothing in the Offering Circular that indicates that Midas International controls BRG's employee relationships on a day-to-day basis, or had the right to do so;" thus there is no basis for imposing liability against Midas for any wrongful conduct of BRG in such relationships. (Defs. Mem. Supp. Mot. Dismiss at 3.)

Consequently, we agree with defendants that plaintiff's FMLA and NYSHRL claims against Midas should be dismissed. Plaintiff has failed to allege that Midas was involved in the allegedly discriminatory acts, nor has she alleged that the discriminatory decisions, i.e., her termination from employment when she informed BRG that she was pregnant, the failure to promote her and the denial of leave and alleged retaliation against her for taking leave, were controlled by, or in any way influenced by, Midas. *Cf. Astudillo v. U.S. News & World Report*, No. 02 Civ. 7902, 2005 WL 23185, at *1-2 (S.D.N.Y. Jan. 6, 2005). In addition, plaintiff failed to allege that Midas controlled, in whole or in part, plaintiff's ability to take leave and return to her position which is necessary to impose liability under the FMLA. *See Johnson v. A.P. Prods., Inc.*, 934 F. Supp. 625, 628-29 (S.D.N.Y. 1996).

Moreover, plaintiff has not adequately alleged that Midas was the alter ego of BRG. Plaintiff has not alleged any facts that demonstrate that Midas "exercised such complete dominion and control" that BRG lacked independent will. *See Barbezat*, 1997 WL 473484, at *1. The various provisions of the Franchise Offering Circular published by Midas which are quoted by plaintiff in the Amended Complaint simply do not establish that Midas was plaintiff's employer, that Midas was the alter ego of BRG or that Midas would or did have any role with respect to the decisions on which

10

plaintiff's specific allegations relating to discrimination, denial of leave or retaliation are based.[1] Accordingly, all claims asserted against Midas must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Maurice Geissler and Midas International Corp. ("Midas") to dismiss the claims asserted against them in the Amended Complaint is granted. Because plaintiff has previously been given an opportunity to amend her Complaint to state actionable claims against Geissler and Midas and has been unable to do so, this dismissal is with prejudice.

SO ORDERED.

Dated: White Plains, New York
July 18, 2005

*William C. Conner*

Sr. United States District Judge

---

[1] Additionally, we note that plaintiff is unable to establish vicarious liability on the part of Midas. "In deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and more specifically whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case." *Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83, 87 (E.D.N.Y. 2000) (citing *Schoenwandt v. Jamfro Corp.*, 261 A.D.2d 117, 689 N.Y.S.2d 461 (1999) (summary judgment appropriate where relationship is "merely franchisor-franchisee" and there is no showing that franchisor "exercised complete domination and control of [franchisee's] daily operations or [that] such control resulted in plaintiff's injury")). In the case at bar, even when considering the allegations contained in the Amended Complaint in a light most favorable to plaintiff, plaintiff has not sufficiently alleged that Midas exercised sufficient control over the day-to-day operations of BRG to impose liability on Midas. *See Hong Wu*, 105 F. Supp. 2d at 87-88 (collecting cases).